**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOEL G. PORTER<br><br>Plaintiff,<br><br>v.<br><br>TIME INC., STEVE HELLING, AND ANNE LANG<br><br>Defendants. | Civil Action No. ____________________<br><br>Judge ______________________________<br><br>Magistrate Judge ____________________ |

**NOTICE OF REMOVAL**

TO: Michael L. McConnell, Clerk of Court
United States District Court for the Middle District of Louisiana
Russell B. Long Federal Building and United States Courthouse
777 Florida Street, Suite 139
Baton Rouge, Louisiana 70801

Defendants, Time Inc. ("Time") and Steve Helling ("Mr. Helling") (collectively referred to herein as the "defendants"), give notice of the removal of this action from the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, pursuant to 28 U.S.C. §§ 1332 and 1441. The grounds for removal are as follows:

**INTRODUCTION**

1.

On or about December 18, 2015, plaintiff, Joel G. Porter ("Plaintiff"), filed an Original Petition for Damages captioned "*Joel G. Porter v. People Magazine, Time, Inc., Time Inc. Books d/b/a People Magazine and Anne Lang and Steve Helling*," Docket No. 644603, Division "D,"

Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana (the "Petition").

2.

The United States District Court for the Middle District of Louisiana is the Court embracing the place where such action is pending in state court, as it was filed in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

3.

This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**THE NOTICE OF REMOVAL IS TIMELY**

4.

This removal is effected and has been timely filed within thirty (30) days of receipt and/or service upon any one of the defendants.

5.

Time was served on February 1, 2016 through La. R.S. § 13:3201, i.e., the "Louisiana Long-Arm Statute."

6.

Mr. Helling was served on February 10, 2016 through La. R.S. § 13:3201, i.e., the "Louisiana Long-Arm Statute."

7.

This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties consent to removal, are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**DIVERSITY OF CITIZENSHIP EXISTS**

8.

Plaintiff alleges that he is domiciled in the Parish of East Baton Rouge, State of Louisiana.

9.

Time is a foreign corporation incorporated in the State of Delaware with its principal place of business in the State of New York.

10.

Mr. Helling is an individual citizen who is domiciled in the State of Florida.

11.

The Petition alleges that defendant, Anne Lang ("Ms. Lang"), is domiciled in the State of Louisiana.

12.

On information and belief, Ms. Lang is deceased. As such, Ms. Lang is not a proper party to this lawsuit.

13.

La. C.C.P. art. 734 provides that "[…] the succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration."

14.

On information and belief, a succession representative has not been appointed to represent the succession of Ms. Lang and Plaintiff has not requested the appointment of an attorney to represent Ms. Lang pursuant to La. C.C.P. art. 5091.

15.

Plaintiff is not able to establish a cause of action against Ms. Lang because she is deceased and a succession representative has not been appointed to administer her succession.

16.

The domicile of Ms. Lang must accordingly be disregarded for purposes of diversity. *See, e.g.*, *Marcotte v. State Farm Mut. Auto. Ins. Co.*, 1996 WL 169228, at *1 (E.D. La. 4/10/96) (at the time of removal, non-diverse defendant was deceased and no succession representative had been named; thus, decedent's citizenship could not be considered in determining diversity). *See also*, *Goodwin v. Ford Motor Co.*, 2012 WL 5877977, at *3 (W.D. La. 11/20/12).

**THE AMOUNT IN CONTROVERSY IS SATISFIED**

17.

Louisiana law allows for the recovery of both general and special damages for defamation. *See, e.g., Connor v. Scroogs,* 35,521 (La. App. 2 Cir. 6/12/02); 821 So. 2d 542, 552 (in an action for defamation, "[g]eneral damages may include injury to reputation, personal humiliation, embarrassment, mental anguish, anxiety and hurt feelings."); *Kaiser v. Hardin*, 2006-2092 (La. 4/11/07); 953 So. 2d 802, 810 ("[s]pecial damages are those which have a 'ready market value,' [… that] may be determined with relative certainty, including medical expenses and lost wages.").

18.

La. C.C.P. art. 893(a) requires a plaintiff to generally state that his or her claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Here, Plaintiff has failed to assert such in the Petition.

19.

Plaintiff alleges that the purportedly defamatory publications and/or statements made by the defendants have "brought on a most sweeping devastation to [Plaintiff's] personal and professional reputation, and wreaked profound damage upon his overall psychological and emotional wellbeing." (*See* Petition, at ¶ 5). It is apparent from the face of the Petition that the claims asserted by Plaintiff are likely to exceed $75,000.00.

20.

Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings filed in the record of the state court action are attached hereto as **Exhibit A.**

21.

Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the Clerk of Court for the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

22.

Pursuant to Fed. R. Civ. P. 11, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

23.

The defendants reserve the right to amend or supplement this Notice of Removal.

24.

By filing this Notice of Removal, the defendants do not waive, and hereby reserve all defenses and objections to the Petition including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue, no right of action, no cause of action, and insufficiency of service of process.

WHEREFORE, the defendants, Time Inc. and Steve Helling, respectfully request that this Court assume full jurisdiction over the cause herein as provided by law. This Court has jurisdiction over the dispute because all parties properly joined are completely diverse and the jurisdictional amount has been met.

Date: February 25, 2016

By Attorneys,

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
445 North Boulevard, Suite 300 (70802)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 383-4703

By: */s/ W. Scott Keaty*
W. Scott Keaty (La. Bar No. 23151)
Joshua G. McDiarmid (La. Bar No. 35238)

*Attorneys for Time Inc. and Steve Helling*

**CERTIFICATE**

I hereby certify that I electronically filed the foregoing Notice of Removal with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that a copy of the foregoing Notice of Removal has this day been mailed, postage prepaid, and emailed to Joel G. Porter, Attorney at Law, 1208 Julia Street, Baton Rouge, Louisiana 70802, joelg9962@gmail.com, and Elton Heron, Attorney at Law, 37218 Audubon Park Ave., Geismar, Louisiana 70732, heron.elton@gmail.com.

Baton Rouge, Louisiana, on February 25, 2016.

*/s/ Joshua G. McDiarmid*