UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOEL G. PORTER                                                          CIVIL ACTION

VERSUS                                                                   NO. 16-121-JJB-RLB

TIMES GROUP, TIME BOOKS
*doing business as* PEOPLE MAGAZINE,
STEVE HELLING AND ANNE LANG

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 31, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOEL G. PORTER**                                               **CIVIL ACTION**

**VERSUS**                                                       **NO. 16-121-JJB-RLB**

**TIMES GROUP, TIME BOOKS**
*doing business as* **PEOPLE MAGAZINE,**
**STEVE HELLING AND ANNE LANG**

### ORDER

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 6). The Motion is opposed (R. Doc. 13) and Plaintiff has filed a Reply (R. Doc. 22). For the reasons given below, it is recommended that Plaintiff's Motion to Remand be **DENIED**.[1]

Plaintiff is a citizen of Louisiana. On December 18, 2015, he filed this lawsuit in state court against the following Defendants: Times Group, Time Books d/b/a People Magazine, a citizen of Delaware and New York (R. Doc. 1 at 3); Steve Helling, a citizen of Florida (R. Doc. 1 at 3); and Anne Lang, a citizen of Louisiana (R. Doc. 1 at 3). (R. Doc. 1-3).

Within 30 days of service, Defendants, Time, Inc. and Mr. Helling (Defendants), removed the case to federal court. (R. Doc. 1); (R. Doc. 1-7). According to the record, non-diverse Defendant, Ms. Lang, passed away prior to removal and was never served with a copy of the Complaint. (R. Doc. 1); (R. Doc. 1-7). As such, Defendants contended the "action [was] properly removed . . . in that all properly joined and served parties consent to removal, are of

---

[1] Neither party disputes that the amount in controversy has been met.

diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interests and costs." (R. Doc. 1 at 2).

In his Motion to Remand, Plaintiff first argues that the removal was procedurally defective as neither Ms. Lang nor her representative consented to removal. (R. Doc. 6 at 1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). If consent of all served defendants is not timely obtained, the removal is procedurally defective. *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992).

As Plaintiff acknowledges in his Motion to Remand, Ms. Lang "has not been served and has not been joined through her estate." (R. Doc. 6 at 1). Because Ms. Lang was not properly served at the time of removal, Defendants did not have to obtain the consent of Ms. Lang or her estate prior to removal. *Grace v. Myers*, 2015 WL 4939893, at *5 (M.D. La. Aug. 18, 2015) (because the remaining defendant was not properly served prior to removal, he "did not need to join in, or consent to, removal"). As such, Plaintiff's Motion to Remand is **DENIED** to the extent it is based on Ms. Lang's failure to consent to removal.

Next, Plaintiff argues that the Court lacks subject matter jurisdiction over this case based on Ms. Lang's lack of diversity. Both the original and amended Complaint identify Defendant Anne Lang as a "[f]reelance journalist and contract writer for People Magazine, a person of full age and majority doing business and [] domiciled in the State of Louisiana . . . ." (R. Doc. 1-3); (R. Doc. 1-5).

Plaintiff does not challenge the assertion that Ms. Lang is deceased,[2] and much of his Reply complains that counsel for the defense could have simply contacted Plaintiff's counsel so that the proper party defendant could have been named. "Under Louisiana law the proper party following demise of the person who would have been the party is the representative appointed in the succession proceeding brought as a result of the death. The proper party is not the succession itself or the estate." *Hickerson Estate v. Board of Veteran Appeal*, 2014 WL 6674573, at *2 (W.D. La. Nov. 25, 2014); *Holland v. Unopened Succession of Holland*, 562 So. 2d 1022, 1024 (La. App. 3 Cir. 1990) ("A suit against a succession can only be brought against a succession representative.").

Because Ms. Lang was deceased at the time of removal and her succession representative was not named as a party, Plaintiff would not have been able to establish a cause of action against her personally.[3] Because Ms. Lang was not a proper party, her citizenship cannot be considered in determining jurisdiction. Complete diversity therefore existed at the time of removal and Plaintiff's Motion to Remand must be **DENIED**.

Plaintiff additionally argues that the Notice of Removal is "defective" and fails to comply with Rule 11 of the Federal Rules of Civil Procedure[4] because Defendants cannot show that Ms.

---

[2] Defendants have attached a docket report from the East Baton Rouge Parish Clerk of Court for the Probate Succession of Anne Lang. (R. Doc. 13-2). The Filing Date is March 18, 2016, the day after the instant Motion to Remand was filed. Plaintiff Joel G. Porter appears on the docket as one of the Case Parties.

[3] The Court takes no position as to whether Plaintiff may amend his pleading to include a cause of action against Ms. Lang's succession representative, and depending on the particularities of citizenship, whether that amendment may destroy diversity jurisdiction and require remand.

[4] Rule 11 specifically provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Although Plaintiff's Rule 11 argument is neither developed or clear, to the extent he is requesting sanctions, the present Motion fails to meet the procedural requirements of Rule 11(c)(2), as Plaintiff did not file a separate motion describing the specific conduct that allegedly violates Rule 11. *See Richard v. Louisiana Industries for the Disabled*, 2011 WL 1527586, at *3-4 (M.D. La. Apr. 20, 2011).

Lang consented to removal or the existence of complete diversity.  This argument is rejected for the reasons given above.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that Plaintiff's Motion to Remand (R. Doc. 6) be **DENIED**.

Signed in Baton Rouge, Louisiana, on May 31, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**