UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOEL G. PORTER**                                                              **CIVIL ACTION**

**VERSUS**                                                                            **NO. 16-121-JJB-RLB**

**TIMES GROUP, TIME BOOKS**
*doing business as* **PEOPLE MAGAZINE,**
**STEVE HELLING AND ANNE LANG**

---

## ORDER

Before the Court is Plaintiff's Motion for Leave to File First Amendment to Complaint. (R. Doc. 27). Plaintiff originally named Anne Lang, among others, as a Defendant in his state court Petition. (R. Doc. 1-3 at 1). Ms. Lang, however, passed away before Plaintiff initiated his lawsuit in state court on December 18, 2015.

Defendants removed this action to federal court on February 25, 2016, based on diversity jurisdiction. (R. Doc. 1). Plaintiff later moved to remand the case, arguing that Ms. Lang, as a Louisiana citizen, destroyed complete diversity. (R. Doc. 6). The undersigned has recommended denial of Plaintiff's Motion to Remand, however, because the proper party was neither Ms. Lang nor her succession, but would be her succession representative. (R. Doc. 23).[1] As such, because Ms. Lang was deceased, her citizenship when alive and prior to the filing of the lawsuit did not destroy diversity.

Plaintiff now seeks leave to amend his Complaint to name Ms. Lang's "succession representative" as a defendant and asks the Court to substitute Ms. Lang for the succession

---

[1] Plaintiff has filed objections to the Report and Recommendation (R. Doc. 26) and Defendants have sought leave to file a Response (R. Doc. 30).

"representative and that the estate be cited to appear and answer for the wrongs to Plaintiff . . . ." (R. Doc. 27 at 1); (R. Doc. 27-1 at 1). According to Plaintiff, he has "opened probate and has [had] Mrs. Lang served through Counsel who has answered the petition for damages filed in the 19th Judicial District Court." (R. Doc. 27-1 at 1).

Defendants filed an Opposition (R. Doc. 29) suggesting first that "it is not clear whether Plaintiff seeks leave to substitute Anne Lang, her succession representative, or her estate." (R. Doc. 29 at 1). As Defendants point out, Plaintiff both asks the Court to substitute the representative in place of Ms. Lang and to "cite" Ms. Lang's "estate . . . to appear and answer for the wrongs to Plaintiff." (R. Doc. 27 at 1); (R. Doc. 27-1 at 1). Defendants further argue that Plaintiff cannot substitute the succession representative in place of Ms. Lang under Rule 25(a) of the Federal Rules of Civil Procedure, as Ms. Lang passed away before the filing of the instant law suit. (R. Doc. 29 at 1).

The Court has considered the parties' arguments, the contents of both the original and proposed amended Complaint, and the applicable law, and finds Plaintiff's Motion for Leave must be denied for the reasons discussed below.

First, to the extent Plaintiff wishes to substitute Ms. Lang's <u>estate or succession</u> in place of Ms. Lang, his Motion for Leave is **DENIED**, as Ms. Lang's succession or estate is not a proper party. *See Hickerson Estate v. Board of Veteran Appeal*, 2014 WL 6674573, at *2 (W.D. La. Nov. 25, 2014) ("The proper party is not the succession itself or the estate.").

Second, to the extent Plaintiff wishes to substitute the <u>succession representative</u>, his Motion for Leave is **DENIED** without prejudice to refile within 7 days of this Order. Plaintiff has failed to name the succession representative in his proposed amended Complaint or allege the citizenship of the representative. Because the Court's subject matter jurisdiction is based on

diversity of citizenship, the succession representative and his or her citizenship must be properly alleged. As such, any renewed motion should include a proposed amended Complaint identifying the succession representative by name and properly alleging his or her citizenship.

If the representative is a citizen of Louisiana and Plaintiff's position is that the addition of that representative would destroy complete diversity and require remand, any renewed motion for leave by Plaintiff should include a discussion of the *Hensgens* factors. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (when amendment seeks to add a nondiverse party that would destroy jurisdiction the court should consider the purpose of the amendment, the plaintiff's diligence, any injury to plaintiff if amendment is denied, and any other factors bearing on the equities).

Any renewed motion by Plaintiff should likewise address the Rule 25(a) argument raised by Defendants in their Opposition to the current Motion. (R. Doc. 29 at 1-2).

If Plaintiff chooses to renew his Motion for Leave, Defendants are **ORDERED** to file their response, if any, within 7 days of Plaintiff's filing.

Signed in Baton Rouge, Louisiana, on July 11, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**