UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOEL G. PORTER                                              CIVIL ACTION

VERSUS                                                      NO. 16-121-JJB-RLB

TIMES GROUP, TIME BOOKS
*doing business as* PEOPLE MAGAZINE,
STEVE HELLING AND ANNE LANG

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 4, 2016.

                                             _____
                                             RICHARD L. BOURGEOIS, JR.
                                             UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOEL G. PORTER**                                                      **CIVIL ACTION**

**VERSUS**                                                              **NO. 16-121-JJB-RLB**

**TIMES GROUP, TIME BOOKS**
*doing business as* **PEOPLE MAGAZINE,**
**STEVE HELLING AND ANNE LANG**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint. (R. Doc. 34). Defendants filed an Opposition in response to Plaintiff's Motion. (R. Doc. 39). For the reasons given below, the Court recommends that Plaintiff's Motion for Leave be **GRANTED** and that this action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana

**I.     Background**

On March 14, 1985, Plaintiff's wife, Denise Washington Porter, was murdered at the couple's home in Baton Rouge, Louisiana. (R. Doc. 1-5 at 2). The crime has never been solved. Over two decades later, Denise Porter's cold case was reopened by the Baton Rouge Police Department. Detective John Dauthier was assigned to investigate the case. During the course of his investigation, Detective Dauthier obtained a warrant for Plaintiff's DNA, which was supported by his own affidavit implicating Plaintiff as a suspect.[1] Following the collection of

---

[1] *Porter v. Dauthier*, No. 14-cv-41-JWD-RLB (M.D. La. Jan. 29, 2015), ECF No. 124-2.

1

Plaintiff's DNA sample, Plaintiff filed a lawsuit against Detective Dauthier alleging defamation and constitutional violations, among other things.[2]

On December 22, 2014, People Magazine published the online article, *Nearly 30 Years After Brutal Killing, Authorities Reopen Cold Case of Denise Porter*, written by Steve Helling, with reporting by Anne Lang.[3] This online article discussed the reopening of the cold case, as well as Plaintiff's lawsuit filed against Detective Dauthier. Accompanying the article was an online interview with its author, Steve Helling. (R. Doc. 1-5 at 3-4); (R. Doc. 9-3). On January 5, 2015, People Magazine published the print article, *A Cold Case Heats Up: Who Killed Denise Porter?*, also written by Steve Helling, with reporting by Anne Lang.[4] The print article likewise focused on the reopening of the investigation into Denise Porter's murder and Plaintiff's lawsuit filed against Detective Dauthier.

On December 18, 2015, Joel Porter ("Plaintiff") filed this action for defamation in state court against the following Defendants: Times Group/Time Books, doing business as People Magazine ("People Magazine"); Steve Helling; and Anne Lang. (R. Doc. 1-3). Specifically, Plaintiff alleged that the December 22, 2014 online article, accompanying interview with Steve Helling, and the January 5, 2015 print article ("the Articles"), published by People Magazine were defamatory. Plaintiff also asserted a claim for intentional infliction of emotional distress against People Magazine. According to the Petition, Plaintiff is a citizen of Louisiana, People Magazine is a citizen of both Delaware and New York, Mr. Helling is a citizen of Florida, and Ms. Lang is a citizen of Louisiana.

---

[2] *Porter v. Dauthier*, No. 14-cv-41-JWD-RLB (M.D. La. Jan. 17, 2014), ECF No. 1.
[3] *See* Steve Helling with Anne Lang, *Nearly 30 Years After Brutal Killing, Authorities Reopen Cold Case of Denise Porter*, People Mag., Dec. 22, 2014, http://www.people.com/article/denise-porter-cold-case-reopened. (R. Doc. 9-2).
[4] *See* Steve Helling with Anne Lang, *A Cold Case Heats Up: Who Killed Denise Porter?*, People Mag., January 5, 2015 at 52. (R. Doc. 9-3).

On February 25, 2016, People Magazine and Mr. Helling removed the action to this Court based on diversity jurisdiction. (R. Doc. 1).  In the Notice of Removal, the removing defendants acknowledged that the Petition alleges that Ms. Lang is domiciled in Louisiana. (R. Doc. 1 at 3).  Nevertheless, the removing defendants asserted that Ms. Lang was deceased at the time the action was initiated and, accordingly, was not a proper party to the lawsuit pursuant to article 734 of the Louisiana Code of Civil Procedure.[5] (R. Doc. 1 at 5).  Based on the foregoing, the removing defendants asserted that Ms. Lang's citizenship must be ignored for determining complete diversity between the parties at the time of removal. (R. Doc. 1 at 3-4).  Finally, the removing defendants noted that, at the time of removal, "a succession representative has not been appointed to represent the succession of Ms. Lang and Plaintiff has not requested the appointment of an attorney to represent Ms. Lang" pursuant to article 5091 of the Louisiana Code of Civil Procedure.[6] (R. Doc. 1 at 3).

On March 17, 2016, Plaintiff moved for remand on the basis that there was not complete diversity of citizenship at the time of removal because Ms. Lang was named as a non-diverse defendant. (R. Doc. 6).

In denying remand, the Court adopted the report and recommendation of the magistrate judge and agreed with Defendants that Ms. Lang was not a proper party to the action. (R. Doc. 23; R. Doc. 44).[7]  The Court explained that "[u]nder Louisiana law the proper party following

---

[5] Article 734 provides, in relevant part, that "the succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration." La. C. Civ. P. art. 734.

[6] Article 5091 provides, in relevant part, that the "court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when: It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is . . . Deceased and no succession representative has been appointed." La. C. Civ. P. art. 5091(A)(1)(c).

[7] Plaintiff has file a "Notice of Appeal" of the Court's Ruling denying Plaintiff's Motion to Remand. (R. Doc. 46).  The denial of a motion to remand is not a final judgment and therefore may only be appealed if certified by the district court pursuant to 28 U.S.C. § 1292(b). *See Melancon v. Texaco, Inc.*, 659 F.2d

demise of the person who would have been the party is the representative appointed in the succession proceeding brought as a result of the death." (R. Doc. 23 at 4).  The Court further explained that "[b]ecause Ms. Lang was deceased at the time of removal and her succession representative was not named as a party, Plaintiff would not have been able to establish a cause of action against her personally." (R. Doc. 23 at 4).  In conclusion, the Court held that Ms. Lang's citizenship could not be considered in determining jurisdiction and, therefore, complete diversity existed at the time of removal. (R. Doc. 23 at 4).

On June 13, 2016, Plaintiff sought leave to file an Amended Complaint adding the Succession Representative of Ms. Lang's Estate, as a Defendant. (R. Doc. 27).  Defendants opposed the Motion, arguing in part that Rule 25(a) of the Federal Rules of Civil Procedure prevented Plaintiff from substituting the succession representative for Ms. Lang's estate because Ms. Lang predeceased the filing of Plaintiff's lawsuit. (R. Doc. 29).  The Court denied Plaintiff's motion for leave to amend without prejudice to refile. (R. Doc. 33).  In its Order, the Court explained that Plaintiff's failure to actually name the succession representative or make any allegations as to citizenship warranted denial.  The Court further instructed Plaintiff that any renewed motion should address both the *Hensgens* factors, as the amendment could potentially destroy complete diversity, and Defendants' Rule 25(a) argument.

On July 17, 2016, Plaintiff filed the instant Motion (R. Doc. 34).  Plaintiff seeks leave to file an Amended Complaint adding Professor Dorothy Jackson, the Succession Representative of

---

551, 552-53 (5th Cir. Unit A Oct. 1981) ("an order denying remand of a case removed to federal court is not a final order within the meaning of 28 U.S.C. § 1291.  Thus, such an interlocutory order cannot be appealed unless certified by the district court in accordance with 28 U.S.C. 1292(b)"); *Tucker v. Cox Texas Newspapers, L.P.*, 137 F. App'x 650 (5th Cir. 2005) (same); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (Fifth Circuit jurisdiction over appeal derives from the district court's certification of its interlocutory order denying the motion to remand under 28 U.S.C. § 1292(b)).  Such a certification has not been requested and even if requested, has not been granted.  Jurisdiction in this case remains at the district court.

4

Ms. Lang's Estate, as a defendant. (R. Doc. 34-3). In support of his Motion, Plaintiff submitted an Order from the state court order appointing Professor Jackson as succession representative for Ms. Lang's estate on March 18, 2016. (R. Doc. 34-2).

## II.   Arguments of the Parties

Plaintiff argues that the addition of Professor Jackson, a Louisiana citizen, would destroy complete diversity and warrant remand. (R. Doc. 34-3 at 1). Plaintiff further argues that the *Hensgens* factors are satisfied, as the purpose of the amendment is to add a proper party to the lawsuit, he was diligent in taking steps to have a succession representative added as a party, and he will be injured if amendment is denied. (R. Doc. 34-1 at 3-4). Plaintiff also argues that pursuant to article 5091 of the Louisiana Code of Civil Procedure, the statute pursuant to which Professor Jackson was appointed as succession representative, Professor Jackson is a proper party to this action. (R. Doc. 34-1 at 4). Finally, Plaintiff argues that Rule 25(a) of the Federal Rules of Civil Procedure is inapplicable because this action was not originally filed in federal court. (R. Doc. 34-1 at 5-7).

In opposition, Defendants argue that the addition of Professor Jackson as a defendant would not destroy diversity because, pursuant to 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." (R. Doc. 39 at 2-3). Defendants argue that Plaintiff has not demonstrated that the decedent, Ms. Lang, is a citizen of Louisiana. Defendants further argue that even if Plaintiff could establish that Ms. Lang is a Louisiana citizen, and the Court allowed Professor Jackson to be added as a non-diverse succession representative of Ms. Lang's estate, remand is not warranted under any circumstances and the *Hensgens* factors should not be considered. (R. Doc. 39 at 3-5). Finally, Defendants argue that even if the *Hensgens* factors are considered, a denial

5

of remand is warranted because, in addition to equitable concerns, Plaintiff's only purpose for adding a non-diverse defendant is to obtain remand, Plaintiff has been dilatory in seeking amendment, and Plaintiff will not be injured if amendment is not allowed. (R. Doc. 35 at 5).[8]

### III.   Law and Analysis

#### A.   Legal Standards

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure.  Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999).  However, when an amendment seeks to add a nondiverse party that would destroy diversity jurisdiction, 28 U.S.C. § 1447(e) directs district courts to either "deny joinder, or permit joinder and remand the action to the State court."

In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987),[9] the Fifth Circuit instructed district courts "faced with an amended pleading naming a new nondiverse defendant in a

---

[8] Defendants do not discuss the implication, if any, of Rule 25(a) of the Federal Rules of Civil Procedure with regard to the instant Motion for Leave to Amend. At any rate, Rule 25(a) is inapplicable because Ms. Lang predeceased the initiation of this action, and the suit against her was a nullity ab initio. *See Holland v. Unopened Succession of Holland*, 562 So.2d 1022, 1024 (La. App. 3 Cir. 1990) (suit against succession or decedent was nullity; succession representative was proper party defendant); *see also Thompson*, 895 F. Supp. at 115 (defendant who predeceased filing of suit not was not a party to the action); *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (substitution only available under Rule 25(a) where decedent was made a party before death); *Darmanchev v. Roytshteyn*, 234 F.R.D. 78, 79-81 (E.D. Pa. 2005) (where defendant predeceased filing of complaint, substitution under Rule 25(a) was unavailable, and estate representative would have to be added as a new party-defendant).

[9] Section 1447(e) was enacted after the Fifth Circuit's decision in *Hensgens*. Nonetheless, the Fifth Circuit has continuously advised that a trial court considering joinder under § 1447(e) should "temper[] its discretion with the standard established by *Hensgens* . . . ." *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir.

removed case" to "scrutinize that amendment more closely than an ordinary amendment," while considering several factors outlined by the Court — i.e. 'the *Hensgens* factors.' *Id.* at 1182. The *Hensgens* factors require a balancing of the parties' competing interests while determining whether: (1) the amendment's purpose is to defeat federal jurisdiction; (2) the plaintiff was diligent in amending the complaint; and (3) the plaintiff will be significantly injured if the amendment is denied. *Hensgens*, 833 F.2d at 1182. Courts should also consider "any other factors bearing on the equities." *Id*.

      B.      **Professor Jackson's Citizenship**

In determining whether the *Hensgens* factors apply, the Court must first determine whether the addition of Professor Jackson as a defendant would destroy diversity. There is no dispute that Professor Jackson has been appointed the legal representative of Ms. Lang's estate. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Accordingly, whether Professor Jackson is a citizen of Louisiana for the purposes of diversity jurisdiction hinges upon whether Ms. Lang is a citizen of Louisiana.

The Petition asserts that Ms. Lang is domiciled in Louisiana. (R. Doc. 1-3 at 1). The Notice of Removal, which invokes this Court's diversity jurisdiction, acknowledges that the Petition asserts that Ms. Lang is domiciled in Louisiana. (R. Doc. 1 at 3). At no point have Defendants asserted that Ms. Lang is not a citizen of Louisiana. Indeed, the Notice of Removal asserts that there was complete diversity between the parties at the time of removal because Ms. Lang is an improper party, not because Ms. Lang is a non-diverse defendant.

---

2013) (noting *Hensgens* is the "correct legal standard" for court to apply in determining whether to exercise its discretion under § 1447(e) to permit joinder of non-diverse party after removal).

It appears to be Defendants' position that the addition of Professor Jackson as a defendant would not destroy diversity, and that this Court would retain subject matter jurisdiction if Professor Jackson is named as a defendant. The burden of providing that complete diversity exists rests upon Defendants, and not Plaintiff, as they are the parties who seek continued invocation of the Court's diversity jurisdiction. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). Defendants have not provided any arguments, much less evidence, that Ms. Lang is not a citizen of Louisiana as asserted in the Petition. Accordingly, based on the allegations in the Petition, the Notice of Removal, and the instant Motion, the Court concludes that Ms. Lang is a citizen of Louisiana for the purposes of determining diversity jurisdiction.[10] It follows that, pursuant to 28 U.S.C. § 1332(c)(2), Professor Jackson is deemed a citizen of Louisiana for the purposes of this action.

Based on the foregoing, the addition of Professor Jackson as a defendant would destroy complete diversity. Accordingly, the Court must evaluate the *Hensgens* factors in determining whether amendment should be allowed.[11]

---

[10] In denying remand, the Court concluded that Ms. Lang's citizenship must be ignored because she is not a proper party. (R. Doc. 23; R. Doc. 44). The Court did not, however, conclude that Ms. Lang was not a citizen of Louisiana. Furthermore, in denying remand, the Court noted that it took "no position as to whether Plaintiff may amend his pleading to include a cause of action against Ms. Lang's succession representative, and depending on the particularities of citizenship, whether that amendment may destroy diversity jurisdiction and require remand." (R.Doc. 23 at 4 n.3).

[11] Defendants rely on *Thompson v. Radosta*, 895 F. Supp. 113, 115 n.4 (E.D. La. 1995) and *Fulford v. Market Street Mortgage Corporation*, No. 05-cv-336, 2005 WL 3263884, at *3 (M.D. Ala. Dec. 1, 2005), for the proposition that because jurisdiction is determined at the time of removal, the subsequent addition of a non-diverse succession representative and has no effect on the Court's continued exercise of subject matter jurisdiction even where the decedent predeceased the filing of the initial pleading. (R. Doc. 35 at 3-4). Neither decision is pertinent or controlling. Both decisions concerned motions to remand, not motions to amend, and, accordingly, the *Hensgens* factors were inapplicable. Defendants' reliance on *Nelson v. Whirlpool Corp.*, 727 F. Supp. 2d 1294, 1304-05 (S.D. Ala. 2010) for the proposition that the *Hensgens* factors are inapplicable is similarly misplaced. (R. Doc. 39 at 5-6). The *Nelson* decision merely stands for the proposition that the addition of a viable claim against an improperly joined defendant does

### C. Application of the *Hensgens* factors

#### 1. Purpose of the Amendment

The first *Hensgens* factor considers whether the purpose of the Amended Complaint is simply to defeat subject matter jurisdiction. Defendants suggest that "Plaintiff's clear and only purpose in . . . seeking to add the court-appointed attorney for her succession, Professor Jackson, . . . was and is to destroy diversity jurisdiction and force a remand to state court." (R. Doc. 35 at 8). Defendants point to Plaintiff's failure to serve or attempt to serve Ms. Lang in state court, and the fact that he moved to remand before attempting to have a representative appointed for the estate, as evidence of Plaintiff's motive — to destroy complete diversity. (R. Doc. 35 at 8-9). Plaintiff argues that the "purpose of the amendment is to add the proper party defendant [and] to have all of the parties who may be responsible for his loss to be [added] [as] Defendants." (R. Doc. 34-1 at 3).

Since the inception of this lawsuit, Plaintiff has alleged that Ms. Lang's personal conduct contributed to his injuries. (R. Doc. 1-5 at 4) (People Magazine and Anne Lang intentionally omitted unfavorable information about Plaintiff's wife in an effort to make Plaintiff appear guilty); (R. Doc. 1-5 at 4-5) ("People Magazine and Anne Lang . . . chose instead to ignore the truth and proceed headlong with their ignominious and villainous depiction of Joel Porter as the murder of his wife, Denise Porter."); (R. Doc. 1-3 at 1) (naming Anne Lang as one of the two reporters responsible for the Articles published in People Magazine); (R. Doc. 1-3 at 20) (naming Anne Lang, People Magazine and Steve Helling as liable "individually, jointly, and in sildo [sic]"). Moreover, Plaintiff made the same efforts to serve both Steve Helling and Anne Lang.

---

not deprive the court of diversity jurisdiction. The *Hensgens* factors are applicable in this action because Plaintiff is seeking to add a new non-diverse party that was not named in the original Petition.

9

(R. Doc. 1-5 at 21) ("Please serve" Anne Lang "wherever she may be found" and Steve Helling "wherever he may be found.").

That Plaintiff asserted a claim against Ms. Lang at the onset of the litigation in state court suggests that the primary purpose of the amendment is not to defeat federal jurisdiction. *See Mabile v. Canal Ins. Co.*, No. 09-403, 2009 WL 3444760, at *1 (M.D. La. Oct. 23, 2009) (concluding that where the plaintiffs "evidenced their intent to seek a judgment against the [non-diverse defendant] from the outset of the litigation in state court . . . the balancing of competing interests tilts in favor of granting plaintiffs leave to pursue the party that they initially sought to pursue in this action in state court."). The record reflects that Plaintiff is seeking to add Professor Jackson as a defendant for the purposes of obtaining a judgment that cannot be obtained by suing the deceased Ms. Lang. Defendants do not argue that the amendment to add the succession representative of Ms. Lang's estate as a defendant is futile or sought in bad faith.

Given the record, Plaintiff's proposed amendment to add Professor Jackson as a defendant is sufficient for a determination that the principal purpose of the amendment "is not to destroy diversity jurisdiction." *Jackson v. Wal-Mart Stores, Inc.*, No. 03-2184, 2003 WL 22533619, at *2 (E.D. La. Nov. 6, 2003) ("As long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction.") (citing cases). Therefore, the first *Hensgens* factor weighs in Plaintiff's favor.

### 2. Plaintiff's Diligence in Seeking Amendment

The second *Hensgens* factor considers whether Plaintiff was diligent in seeking amendment. Plaintiff appears to have first learned of Ms. Lang's death when Defendants filed their Notice of Removal on February 25, 2016. (R. Doc. 22 at 2-4). Plaintiff then attempted to have the case remanded, arguing in part that he was not given the opportunity to sue the proper

10

party in state court because he was unaware of Ms. Lang's death. (R. Doc. 22 at 2-4). In March of 2016, Plaintiff initiated proceedings in state court to have a succession representative appointed on behalf of Ms. Lang. (R. Doc. 34-2). On June 13, 2016, after the undersigned recommended denial of remand on the basis that Ms. Lang is an improper party (R. Doc. 23), but prior to the district judge's ruling on the motion to remand (R. Doc. 44), Plaintiff sought leave to file an Amended Complaint naming as defendant "the Estate of Anne Lang through representative as appointed" by the state court. (R. Doc. 27; R. Doc. 27-4). On July 11, 2016, the Court denied the motion to the extent it sought to substitute Ms. Lang's estate or succession in place of Ms. Lang, but granted Plaintiff leave to refile the motion to name Ms. Lang's succession representative as a defendant. (R. Doc. 33). In accordance with the Court's Order, Plaintiff filed the instant Motion for Leave to add Professor Jackson as a defendant on July 24, 2016. (R. Doc. 35).

In light of the foregoing procedural history, the Court does not find that Plaintiff was dilatory in seeking the instant amendment. Therefore, the second *Hensgens* factor weighs in Plaintiff's favor.

### 3. Prejudice Resulting from Denial of Amendment

The third *Hensgens* factor considers whether Plaintiff will be prejudiced if amendment is denied. Considering the record, the Court concludes that Plaintiff will be significantly prejudiced if he is not allowed to add Professor Jackson as he would be forced to file a separate suit against Professor Jackson as the succession representative of Ms. Lang's estate in state court.

Considerations of cost, judicial efficiency and potentially inconsistent results weigh in favor of not requiring Plaintiff to prosecute separate suits in two forums when both arise under the same set of facts. *See Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 670 (E.D. La. 2007). The

11

Court disagrees with Defendants' assertion that because People Magazine "can certainly satisfy any judgment that Plaintiff is awarded," Plaintiff can obtain "full relief without the presence of Ms. Lang['s] [Succession Representative]." (R. Doc. 35 at 10).  Like other courts in this circuit, this Court "decline[s] to force plaintiff to pursue only [certain] defendant[s] in this forum when [he] has a potentially viable claim against others, as well." *Lacy v. ABC Ins. Co.*, No. 95-3122, 1995 WL 688786, at *3 (E.D. La. Nov. 17, 1995); *see also Mergist v. Wal-Mart Stores, Inc.*, No. 6-138, 2016 WL 3648262, at *5 (M.D. La. June 9, 2016) (allowing plaintiff to join non-diverse defendants against whom she had viable claims), *report and recommendation adopted*, 2016 WL 3647623 (M.D. La. June 30, 2016).  Because Plaintiff has alleged that People Magazine, Mr. Helling and Ms. Lang are both individually and jointly liable, People Magazine and its reporters "properly belong in the same proceeding." *Lacy*, 1995 WL 688786, at *3.

The Court also disagrees with Defendants' assertion that amendment should not be allowed because Professor Jackson "will play no real role in the litigation." (R. Doc. 39 at 10). As discussed above, Plaintiff would be prejudiced if not allowed to pursue his claims against Ms. Lang through Professor Jackson, the appointed succession representative of Ms. Lang's estate.

Based on the foregoing, the third *Hensgens* factor, as well as additional equitable considerations, weigh in Plaintiff's favor.

**IV.   Conclusion**

Based on the foregoing, the *Hensgens* factors, when considered in their totality, weigh in favor of allowing the proposed amendment to add Professor Jackson as a defendant in this action.

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave (R. Doc. 34) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court instruct the Clerk's Office to enter Plaintiff's First Amended Complaint (R. Doc. 34-3) into the record.

**IT IS FURTHER RECOMMENDED** that subsequent to the entry of Plaintiff's First Amended Complaint into the record, which will destroy diversity jurisdiction in this action, the Court **REMAND** this action to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on November 4, 2016.

	**RICHARD L. BOURGEOIS, JR.**
	**UNITED STATES MAGISTRATE JUDGE**